IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BERNARD A. WEWER                                           PLAINTIFF

vs.                              Civil No. 2:07-cv-02054

MICHAEL J. ASTRUE                                    DEFENDANT
Commissioner, Social Security Administration

**ORDER**

Pending now before this Court is Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 14).[1] Defendant has responded to this Motion and has objected to the hourly rate Plaintiff requested for attorney's fees. (Doc. No. 15). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 5). Pursuant to this authority, the Court issues this Order.

**1. Background:**

Bernard A. Wewer ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Doc. No. 1). On July 2, 2008, this Court reversed and remanded Plaintiff's case to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 13).

On September 5, 2008, Plaintiff requested fees under the EAJA. (Doc. No. 14). Plaintiff has requested an award of $3,140.50, representing 17.70 hours of attorney work at the rate of $165.00

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

per hour and 4.40 hours of paralegal work at the rate of $50.00 per hour.[2]  *See id.*  On September 15, 2008, Defendant responded to this application and objected to the hourly rate Plaintiff requested for attorney work.  (Doc. No. 15).  Defendant claims Plaintiff is only entitled to $152.00 per hour of attorney work.  *See id.*

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action,  *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the

---

[2] It appears Plaintiff miscalculated the number of hours he is requesting for attorney work.  According to his itemized statement, he is only requesting 17.3 hours for attorney work.  (Doc. No. 14).  Therefore, this Court will ignore his reference to 17.7 hours and assume he is only requesting fees for 17.3 hours of attorney work.

2

EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index (CPI). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. (Doc. No. 13). Defendant does not contest Plaintiff's claim that he is the prevailing party and does not oppose Plaintiff's claim that he is entitled to fees under the EAJA. (Doc. No. 15). This Court construes this lack of opposition to this application in the present action as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the

prevailing party.

Plaintiff requests an award under the EAJA at the rate of $165.00 per hour for 17.3 hours of attorney work and $50.00 per hour for 4.40 hours of paralegal work. (Doc. No. 14). Defendant does not object to Plaintiff's requested rate for paralegal fees. (Doc. No. 15). Defendant only objects to the requested hourly rate for attorney work. *See id.* Therefore, this Court will only address Defendant's objection to the hourly rate Plaintiff requested for attorney work.

For hours of attorney work, an enhanced hourly rate is authorized by the EAJA as long as a CPI is submitted, and this CPI demonstrates a cost of living increase. *See Johnson,* 919 F.2d at 504. Plaintiff has submitted a CPI demonstrating a cost of living increase (Doc. No. 14, Exhibit 1). However, this Court finds that an award of $165.00 per hour of attorney work is excessive and would not be consistent with other EAJA awards in this District. *See Bardt v. Astrue,* No. 5:07-cv-5067 (W.D. Ark. June 30, 2008) (awarding $152.00 per hour of attorney work). Based upon the date this EAJA application was filed (after August 15, 2008), this Court finds that $154.00 per hour for attorney work is proper and awards Plaintiff $154.00 per hour for the number of hours claimed by Plaintiff.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. (Doc. No. 14, Exhibit 1). The Court notes that Defendant has not objected to the number of hours for which Plaintiff seeks a fee award, and this Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable. Thus, this Court finds that Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $2,884.20, representing 17.3 hours of attorney work at an hourly rate of $154.00 and 4.40 hours of paralegal

work at an hourly rate of $50.00.

**4. Conclusion:**

Based upon the foregoing, the Court awards Plaintiff $2,884.20 in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **19th day of September, 2008.**

                                                /s/   Barry A. Bryant  
                                                HON. BARRY A. BRYANT  
                                                U.S. MAGISTRATE JUDGE